CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 8 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBORAH K. STOUT, </br> Plaintiff, | ) </br> ) Civil Action No. 7:10cv00541 </br> ) |
| v. | ) MEMORANDUM OPINION </br> ) |
| WENDY HOBBS, et al., </br> Defendants. | ) By: Samuel G. Wilson </br> ) United States District Judge |

Plaintiff Deborah K. Stout, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants failed to provide her with a single cell to accommodate her alleged medical need. The court finds that Stout has failed to state a claim upon which the court may grant relief, and therefore dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Stout alleges that she has been diagnosed with inflammatory bowel disease ("IBD") and diverticulitis which causes her to have diarrhea, nausea, and vomiting. She claims that it is embarrassing and causes her emotional stress having to share a cell with someone due to her medical conditions and "uncontrollable occurrences of body functions." In her grievances, which she attaches to her complaint, Stout states that she has spoken to the institutional physician about wanting a single cell and the doctor does not deem her request for a single cell to be medically necessary. Stout argues that the doctors should deem her request medically necessary because they know that stress is a common cause of IBD. As relief, Stout seeks assignment to a single cell.

II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff

must present facts demonstrating that the defendant had actual knowledge of, and disregard for, an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Stout admits that she has discussed her issue with the doctor and that the doctor has determined that there is no medical need for her to have a single cell. Therefore, though Stout may desire a single cell, the court finds that her allegations amount to nothing more than a patient-doctor disagreement regarding proper course of treatment, which is not actionable under the Eighth Amendment.

### III.

For the reasons stated herein, the court dismisses Stout's suit pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER:** This 8th day of December, 2010.

United States District Judge